# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

**CIVIL ACTION NO. 1:12CV-198-JHM**

**ROBERT RAGLE, ET AL.**                                                       **PLAINTIFFS**

**VS.**

**MONTICELLO BANKING**                                             **DEFENDANTS**
**COMPANY, ET AL.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants Monticello Banking Company ("Monticello") and Richard Owens' (acting in his official capacity for Monticello) Motion for Summary Judgment [DN 37] and Monticello's Motion to Strike Expert Testimony [DN 23]. Fully briefed, these matters are ripe for decision.

### I. BACKGROUND

Plaintiffs, Robert Ragle and Laura Ragle, initially filed this action in Russell Circuit Court on July 2, 2007 against Defendant Monticello Bank. This claim arises out of alleged mishandling of Plaintiffs' account held by Monticello. Specifically, Plaintiffs believe Monticello wrongfully dishonored checks and improperly charged overdraft fees. In 2011 Plaintiffs amended their complaint in state court and added Richard Owens, in his official capacity as Director and President of Monticello Banking, alleging that he and Monticello violated several federal banking regulations. These added allegations against Defendant Owens arose out of a construction loan Plaintiffs obtained from Monticello. Plaintiffs believe that Owens received "certain benefits that he was not due" because of his position at both Monticello Banking and

president of the construction company the Plaintiffs hired. (Resp. to Mot. for Summ. J., DN 41, at 1).

Monticello and Owens, in his official capacity at Monticello, filed a summary judgment motion and Monticello filed a motion to strike expert testimony.

## II. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252. It is against this standard the Court reviews the following facts.

III.  DISCUSSION

Defendant moves for summary judgment on all of Plaintiffs' claims, including violations of Regulation O, the Unfair and Deceptive Acts and Practices Act, Regulation AA, Real Estate Settlement Practices Act, and for wrongful dishonor of checks.  Defendants argue that each claim fails for one of four reasons: "(1) the law does not permit a private right of action for the claims alleged; (3) Plaintiffs did not file their claims within the appropriate statute of limitations time period; (3) the undisputed facts require the claim's dismissal; and (4) Plaintiffs have not presented any evidence of damage." (Def. Monticello Banking Co.'s and Richard Owens' Mem. in Supp. of Mot. for Summ. J., DN 37-1, at 1, hereinafter "Mot. for Summ. J.").  Plaintiffs primarily argue that their complaint and their answer to an interrogatory supply a sufficient basis to overcome summary judgment.

A.  Regulation O [Second Am. Compl., DN 1-1, p. 13 ¶ 11]

Plaintiffs claim Defendants violated Regulation O, 12 C.F.R. § 215 (2013), which deals with the extension of credit by a regulated bank to an individual officer, director, principal or shareholder, or to a business owned by one of those insiders. 12 C.F.R. § 215.1. Defendants argue that Regulation O does not provide a private cause of action, and even if Plaintiffs could bring a cause of action under this regulation, they have failed to allege any facts that would show an extension of credit to an insider.

In response to Defendants' claim that no private right of action exists under 12 C.F.R. § 215, Plaintiffs cite two cases, <u>De La Fuente II v. F.D.I.C.</u>, 332 F.3d 1208 (9th Cir. 2003) and <u>In re Seidman</u>, 37 F.3d 911 (3d Cir. 1994), to show that Defendants are liable under Regulation O. <u>De La Fuente</u> deals with the judicial review by the Ninth Circuit for the removal of a director of bank by the Board of the Federal Deposit Insurance Corporation (FDIC). <u>Id</u>. at 1214.  <u>Seidman</u>

involves the removal of the director of a bank under 12 U.S.C. 1818(e), which vests power to do so only by the "appropriate Federal banking agency." 12 U.S.C. 1818(e)(1) (2012). Plaintiffs fail to demonstrate how De La Fuente or Seidman provide authority to hold that a private cause of action exists under Regulation O. Plaintiffs only respond by noting the three elements for the removal of a bank officer[1] and by stating, "Owens, the payee outside of the closing statement, was a contractor of the Plaintiffs and a Director of the Defendant, Monticello Banking Company." (Resp. to Mot. for Summ. J., Dn 41, at 3). Instead of supporting Plaintiffs' argument, De La Fuente assists the Defendants' proposition that no private right of action exists under Regulation O as the case involves actions taken by the FDIC and not by a private party. In addition, the civil penalty section of 12 C.F.R. § 215 leaves enforcement of the regulation with the Board of Governors of the Federal Reserve. 12 U.S.C. § 504(e)(2) (2012), which indicates that Regulation O only permits administrative remedies. Therefore, Plaintiffs do not have a cognizable claim under Regulation O and Defendants' motion for summary judgment as to a claim arising under Regulation O is **GRANTED**.

**B. Unfair and Deceptive Act and Practices Act [Third Am. Compl., DN 1-1, p. 31-32 ¶ 2] and Regulation AA [Third Am. Compl., DN 1-1, p. 32 ¶ 4]**

Plaintiffs assert that Defendants violated the Unfair and Deceptive Act and Practices ("UDAP") under 15 U.S.C. § 45(a) (2012) and Federal Reserve Regulation AA under 12 C.F.R. 227 (2013). Plaintiffs separately identify these claims, but Regulation AA simply implements the provisions of UDAP. 12 C.F.R. 227.1 ("The purpose of [12 C.F.R. 227] is to prohibit unfair or deceptive acts or practices in violation of section 5(a)(1) of the Federal Trade Commission Act, 15 U.S.C. 45(a)(1)."). As to violation of UDAP, Plaintiffs contend that Defendants both

---

[1] In fact, the full quote from Seidman states that "before an *agency regulating a banking* institution can impose this ultimate *administrative sanction* on any banker . . . ." they must prove three elements. Seidman, 37 F.3d at 929 (emphasis added). Thus, Seidman actually undermines the possibility of a private cause of action under 12 U.S.C. 1818.

breached requirements of the statute and "the equitable duties of good faith and fair dealing imposed by Kentucky law." (Resp. to Mot. for Summ. J., DN 41, at 3). Also, Plaintiffs claim that John Rogers, their expert, testified in his deposition as to how Defendants violated UDAP. Plaintiffs add that Defendants violated Regulation AA by not making the required payments to Plaintiffs pursuant to the terms of the Promissory Note. Defendants respond by arguing that neither UDAP nor Regulation AA provide for a private cause of action.

Plaintiffs may not assert a claim under UDAP as no express or implied private right of action exists. See Holloway v. Bristol-Meyers Corp., 485 F.2d 986, 988-89 (D.C. Cir. 1971); Carlson v. Coca-Cola Co., 483 F.2d 279, 280 (9th Cir. 1973) (citations omitted) ("The protection against unfair trade practices afforded by the Act vests initial remedial power solely in the Federal Trade Commission."). On examining the purpose and proper enforcement of UDAP, the D.C. Circuit in Holloway explained as follows:

> The enforcement scheme embodied in the Federal Trade Commission Act, stresses the Commission's role in providing certainty and specificity to the board proscriptions of the Act. The FTC, as a quasi-judicial tribunal, has the ability to provide for the centralized and orderly development of precedent applying the regulatory statute to a diversity of fact situations. . . . This benefits not only advertisers, through certainty as to the applicable standard of conduct, but also consumers, by serving as a firm legal springboard for future FTC enforcement actions. These advantages would be endangered if thus central administrative tribunal were replaced by the various Federal courts invoked by private parties, even assuming that procedural devices for the control of class actions and the consolidation of multi-district litigation, plus the broad application of principles of collateral estoppel, might alleviate the extremes of inconsistency and multiplicity.
>
> In its 1938 selection of the FTC as the appropriate body to prevent deceptive advertising, Congress contemplated use of that agency's proven capability of resolving trade practice controversies without the need to resort to litigation, and its procedural machinery to encourage voluntary compliance.

Holloway, 485 F.2d at 998 (citation omitted). Even if Plaintiffs' expert, John Rogers, demonstrates that a valid claim exists against Defendants for violating UDAP, Plaintiffs are not the proper party to bring that action.

Defendants also contend that Plaintiffs lack the right to bring a private cause of action under Regulation AA, 12 C.F.R. 227. Plaintiffs respond by arguing, "This statute, coupled with Kentucky law, allows a private right of action under the circumstances in this case." (Resp. to Mot. for Summ. J., DN 41, at 4). It is unclear what Kentucky law Plaintiffs suggest gives them a private cause of action under Regulation AA since the Plaintiffs do not offer any citation to Kentucky law. Instead, if Plaintiffs mean to argue a new cause of action under Kentucky law, responding to a summary judgment motion is not the time to add a new claim. It is noted that Plaintiffs have previously been given the opportunity to amend on three separate occasions. Regardless, courts in other jurisdictions examining claims under 12 C.F.R. 227 have held that private parties do not have a cognizable claim. Harmon v. GE Money Corp., 2010 WL 2219345, *5 (E.D. Cal. June 1, 2010) (denying a private cause of action under 12 C.F.R. § 227.14); Greer v. Harmon Stores, Inc., 2009 WL 7804572 (S.D. Tex. June 3, 2009) ("[T]here is no private right of action for enforcement of [12 C.F.R. § 227.15]."). This Court finds no reason to depart from what other courts have found, especially considering the detailed explanation of Congressional intent in Holloway for Regulation AA's controlling statute, UDAP.

Therefore, Defendants' motion for summary judgment as to Plaintiffs' claims under UDAP and Regulation AA is **GRANTED**.

**C. Real Estate Settlement Procedures Act [Second Am. Compl., DN 1-1, p. 13 ¶ 11]**

Defendants readily admit that the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2607 (2012), provides for a private right of action in certain circumstances, but they

contend that no facts in this case give rise to one of those scenarios.  Additionally, Defendants claim that Plaintiffs' construction loan is specifically excluded from protection under RESPA and that Plaintiffs' claim is barred by RESPA's one-year statute of limitations.  Plaintiffs respond by stating the credit extended to them falls within RESPA because "RESPA primarily applies to residential consumer credit transactions." (Resp. to Mot. for Summ. J., DN 41, at 5).  Plaintiffs also argue that "they had inappropriate costs related to the loans and that Defendant Owens received a kickback in violation of Section 8 of RESPA." (Id. at 4).

RESPA provides for a private cause of action against an individual who receives a "fee, kickback, or thing of value . . . [as] part of a real estate settlement service involving a federally related mortgage loan." 12 U.S.C. § 2607(a).  However, as Defendants note in their memorandum, 24 C.F.R. 3500.5(3) (2013) exempts "[t]emporary financing, such as construction loans," that cannot be converted into "permanent financing." The Plaintiffs' loan closing documents specifically state, "The purpose of the loan is: refinance of construction loan to add additional funds." (Mot. for Summ. J., DN 37-3, at 2).  Additionally, 12 U.S.C. § 2607 carries a one-year statute of limitations for private claimants. 12 U.S.C. § 2614 (2012).  The loan documents are dated March 16, 2007 (Mot. for Summ. J., DN 37-3, at 2) and the Plaintiffs did not assert claims under RESPA until July 18, 2011. (Compl., DN 1-1, at 9).  The Plaintiffs fail to respond to the Defendants' contention that the construction loan is exempt from RESPA or that their claim is barred by the one-year statute of limitations.  Instead, Plaintiffs assert that RESPA applies to residential transactions, which does not seem to be an issue in this case, and that Defendant Owens received a kickback.

The Defendants have met the initial burden of demonstrating the absence of a genuine issue of material fact by producing the loan documents which specify Plaintiffs' loan as a

construction loan and which provide a date for purposes of the statute of limitations. Since the Plaintiffs fail to provide any facts to the contrary, this Court will consider these facts undisputed. Fed. R. Civ. P. 56(e) (allowing a court to consider a fact undisputed if a party fails to address the other party's factual assertion). Even if the record indicates a genuine issue of material fact in dispute as to Plaintiff's RESPA claim, "the trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact." In re Morris, 260 F.3d 654, 665 (6th Cir. 2001) (citing Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479-80 (6th Cir. 1989)). Moreover, Plaintiffs, as the nonmoving party "'may not rely solely on the pleadings and must adduce more than a mere scintilla of evidence,'" and the failure to produce such, entitles the nonmoving party to summary judgment. Banks v. Wolfe County Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003) (quoting Thompson v. Ashe, 250 F.3d 399, 405 (6th Cir. 2001)). Since the Plaintiffs cannot identify any portion of the record to support their claim, the Defendants' motion for summary judgment as to Plaintiffs' RESPA claim is **GRANTED**.

**D. Wrongful Dishonor of Plaintiff's Checks [Comp., DN 1-1, p. 1-2 ¶ 3-8]**

Plaintiffs contend that Defendant Monticello wrongfully dishonored Plaintiffs' checks. Plaintiffs believe the wrongful dishonor of their checks occurred when Defendant Monticello failed "to ensure that the bank balance was not negative." (Resp. to Mot. for Summ. J., DN 41, at 6). To the contrary, Defendants argue that they were not required to honor those checks because the Plaintiffs had insufficient funds in their account at the time of presentment. Additionally, Plaintiffs believe that they should be given additional time to show Defendant Monticello wrongfully dishonored their checks. As to the extension of time, Defendant notes that this case has been going on for six years and the Plaintiffs have had their chance to discover evidence to support their claims.

After a party files for summary judgment, "the party opposing the motion may, by affidavit, explain why he is unable to present facts essential to justify the party's opposition to the motion." Summers v. Leis, 368 F.3d 881, 887 (6th Cir. 2004) (citing Fed. R. Civ. P. 56(f)[2]). However, "[t]he burden is on the party seeking additional discovery to demonstrate why such discovery is necessary." Id. (citing Wallin v. Norman, 317 F.3d 558, 563 (6th Cir. 2003)). "Bare allegations or vague assertions of the need for discovery are not enough," Id. (citations omitted) and the party opposing summary judgment must "state with 'some precision the materials he hopes to obtain with further discovery, and exactly how he expects those materials would help him in opposing summary judgment.'" Id. (citing Simmons Oil Corp. v. Tesoro Petroleum Corp., 86 F.3d 1138, 1144 (Fed. Cir. 1996)). Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). However, the Plaintiffs failed to file a Rule 56(d) affidavit or declaration to demonstrate a specific need to continue discovery for the claim against Defendants. "The importance of complying with Rule 56(f) cannot be overemphasized." See Cacevic v. City of Hazel Park, 226 F.3d 483, 488 (6th Cir. 2000). As a result, this Court denies Plaintiffs' request to stay resolution of Defendants' summary judgment motion. See Id. ("'Where party opposing summary judgment and seeking a continuance pending completion of discovery fails to take advantage of the shelter provided by Rule 56(f) by filing an affidavit, there is no abuse of discretion in granting summary judgment if it is otherwise appropriate.'") (quoting Shavrnoch v. Clark Oil & Refining Corp., 726 F.2d 291, 294 (6th Cir. 1984)).

---

[2] Rule 56(d) carries forward the provisions of former Rule 56(f). Fed. R. Civ. P. 56, Advisory Comm. Notes.

Even if this Court were to overlook the failure to file an affidavit or declaration pursuant to Rule 56(d), the Plaintiffs' responsive motion opposing summary judgment fails to state with particularity any facts that they hope to obtain from discovery. Plaintiffs state as follows:

> Where the bank is alleged to have "acted in a wrongful, malicious, and grossly negligent manner in refusing to release the funds", the Plaintiffs should be given the opportunity to prove these allegations. Entry of summary judgment without granting the Plaintiffs the right to make such a showing would be improper and constitute reversible error. A bank is clearly liable for wrongful dishonor under the facts and circumstances as outlined in the Complaint.

(Resp. to Mot. for Summ. J., DN 41, at 5-6) (citation omitted). A motion under Rule 56(d) may be properly denied when the requesting party "'makes only general and conclusory statements . . . regarding the need for more discovery and does not show how an extension of time would have allowed information related to the truth or falsity of the [document] to be discovered,'" Ball v. Union Carbide Corp., 385 F.3d 713, 720 (6th Cir. 2004) (quoting Ironside v. Simi Valley Hosp., 188 F.3d 350, 354 (6th Cir. 1999)), or where the affidavit "lacks 'any details' or 'specificity.'" Id. (quoting Emmons v. McLaughlin, 874 F.2d 351, 357 (6th Cir. 1989)). The statements concerning the need for more discovery are merely conclusory and fail to demonstrate how additional discovery would overcome the summary judgment motion. Thus, this Court finds no reason to allow Plaintiffs to continue discovery on this issue.

Since the Plaintiffs have failed to meet the threshold requirement for additional time to obtain discovery for their claims, summary judgment as to the wrongful dishonor of Plaintiffs' checks is ripe for review. Defendants offer five checks dishonored in the months of April and May of 2007 (Mot. for Summ. J., DN 37-4, at 2-6) and Plaintiffs' bank account statement for those two months. (Id., DN 37-7). These documents identify five checks dishonored by Monticello and insufficient funds in the Plaintiffs' account at that time. "[A] bank may dishonor an item that would create an overdraft unless it has agreed to pay the overdraft." KRS 355.4-

402(1). Based on the evidence presented by Defendants, they have properly shifted the burden to the Plaintiffs to demonstrate why summary judgment should not be granted. The Plaintiffs fail to dispute the documents presented or place any fact in dispute. Instead, they choose to refer to the allegations of their Complaint. Plaintiffs cannot simply rely on the Complaint to overcome summary judgment. Banks, 330 F.3d at 892. Under these facts, summary judgment as to the claim of wrongful dishonor is **GRANTED**.

### III. CONCLUSION

For the foregoing reasons, Defendant Monticello Banking Company and Richard Owens' (acting in his official capacity for Monticello) Motion for Summary Judgment is **GRANTED** [DN 37] and Defendant Monticello is dismissed from this action. Defendant Monticello Banking Company's Motion to Strike Expert Testimony is **DENIED** as **moot** [DN 23].

cc: counsel of record