UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO. 1:12CV-198-JHM

ROBERT RAGLE, ET AL.                                                    PLAINTIFFS

VS.

MONTICELLO BANKING                                                     DEFENDANTS
COMPANY, ET AL.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants Richard Owens and Sons Construction Company, Inc. ("Owens Construction") and Richard Owens' (in his individual capacity) Motion for Partial Summary Judgment [DN 60]. Plaintiffs responded to Owens (in his individual capacity) and Owens Construction's motion but Defendants failed to file a reply.

**I. BACKGROUND**

This action arises out of the alleged mishandling of Plaintiffs' account held by Monticello Banking Company, a party now dismissed from this case. [Mem. Op. and Order, DN 43]. Plaintiffs, Robert Ragle and Laura Ragle, initially filed this action in Russell Circuit Court on July 23, 2007. [Complaint, DN 1-1, at 1]. In 2011, Plaintiffs amended their Complaint in state court and added Richard Owens, in his individual capacity and official capacity as Director and President of Monticello Banking, and Owens Construction alleging violations of several federal banking regulations. [Complaint, DN 1-1, at 7]. These added allegations arose out of a construction loan Plaintiffs obtained from Monticello. Plaintiffs believe that Owens received "certain benefits that he was not due" because of his position at both Monticello Banking and

president of the construction company the Plaintiffs hired. [Resp. to Mot. for Summ. J., DN 41, at 1].

On September 5, 2013, the Court issued a Memorandum Opinion and Order dismissing all claims under Regulation O, the Unfair and Deceptive Acts and Practices Act, Regulation AA, Real Estate Settlement Practices Act, and for wrongful dishonor of checks against Monticello and Owens (in his official capacity). [Mem. Op. and Order, DN 43]. In reliance on that Opinion, Owens (in his official capacity) and Owens Construction now move to dismiss the remaining federal banking claims.

## II.  SUMMARY JUDGMENT

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not

establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252. It is against this standard the Court reviews the following facts.

## III. ANALYSIS

### A. Regulation O

Plaintiffs claim Defendants violated Regulation O, 12 C.F.R. § 215 (2013), which deals with the extension of credit by a regulated bank to an individual officer, director, principal or shareholder, or to a business owned by one of those insiders. 12 C.F.R. § 215.1. In moving for summary judgment on Regulation O, Defendants simply state that the Court previously determined that the regulation does not provide a private right of action. As noted in the Court's prior Opinion, the FDIC alones appears to be the enforcement arm of Regulation O, not individuals. [Mem. Op., DN 43, at 3]. Plaintiffs do not cite to any change in existing law that would suggest that a private party has a cause of action under Regulation O, and therefore, the Plaintiffs' claim under Regulation O is dismissed as to Owens (in his individual capacity) and Owens Construction.

### B. Unfair and Deceptive Act and Practices Act and Regulation AA

Plaintiffs assert that Defendants violated the Unfair and Deceptive Act and Practices ("UDAP") under 15 U.S.C. § 45(a) (2012) and Federal Reserve Regulation AA under 12 C.F.R. 227 (2013). Plaintiffs separately identify these claims, but Regulation AA simply implements the provisions of UDAP. 12 C.F.R. 227.1 ("The purpose of [12 C.F.R. 227] is to prohibit unfair or deceptive acts or practices in violation of section 5(a)(1) of the Federal Trade Commission Act, 15 U.S.C. 45(a)(1)."). The Court previously dismissed this cause of action based on the

holding in <u>Holloway v. Bristol-Meyers Corp.</u>, 485 F.2d 986 (D.C. Cir. 1971). Plaintiffs do not cite to any change in law, and therefore, their claims under UDAP against Owens (in his individual capacity) and Owens Construction are dismissed

**C. Real Estate Settlement Procedures Act**

The Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2607 (2012), provides for a private right of action in certain circumstances. Defendants contend that the Court's previous ruling on Plaintiffs' RESPA claim should be extended to Owens (in his individual capacity) and Owens Construction.

RESPA clearly provides for a private right of action but not where loans are for temporary financing. 24 C.F.R. 3500.5(b)(3). The Court previously dismissed Plaintiffs' RESPA claim based on the fact that there was only evidence that the loan made to them was a construction loan, which can be a type of temporary financing. <u>Id</u>. However, on Plaintiffs' Motion to Alter or Amend [DN 49], they produced a Real Estate Settlement Statement that appeared to suggest that the loan may fall under RESPA. [Settlement Statement, DN 49-3]. However, the Court noted that the Plaintiffs could have easily produced the document and made an argument at the time of summary judgment. Plaintiffs rely on this document in the present summary judgment motion, but Defendants do not respond to this argument. Even though Defendants fail to respond to this document, Plaintiffs still do not demonstrate or provide any basis to support their RESPA claim other than making factually unsupported allegations that Owens received a kickback from the loan. As a result, the Court dismisses the claim on these grounds.

The Court also previously dismissed Plaintiffs' RESPA claim based on the one-year statute of limitations under 12 U.S.C. § 2614. Plaintiffs did not add the RESPA claim against

4

Defendants until they amended their Complaint in 2011. This was almost four years after filing their initial Complaint in 2007. On Plaintiffs' Motion to Alter or Amend, they first made an argument that their RESPA claim should relate back to their 2007 Complaint based on Fed. R. Civ. P. 15(c). Again, the Court rejected Plaintiffs' assertion as one that could have easily been made at the time of summary judgment. Additionally, Plaintiffs contended that the RESPA claim did not accrue until less than a year before the filing of their Amended Complaint, but this lacked any factual support in the record. Therefore, the Court also rejected that argument.

Taking into consideration Plaintiffs' argument made in their motion to alter or amend, the Court finds little reason to accept that the RESPA claim should relate back to the filing of the 2007 Complaint. First, the 2007 Complaint almost exclusively discusses issues related to overdraft fees on accounts, not anything related to the settlement of a construction loan. Second, neither Owens (in his official capacity) nor Owens Construction was a party named in the 2007 Complaint, and thus, Fed. R. Civ. P. 15(c)(1)(C) must also be met. There is no evidence that Owens or Owens Construction had notice of this action or knew of any claims against them in 2007. Therefore, Plaintiffs may not pursue a RESPA claim against either defendant.

**D. Remaining State Law Claims**

Plaintiffs maintain contract claims against Owens (in his individual capacity) and Owens Construction. However, because Plaintiffs' federal claims are subject to dismissal, the Court declines to exercise supplemental jurisdiction over the state-law claims. See 18 U.S.C. § 1367(c)(3) (providing that a district court may decline to exercise supplemental jurisdiction when it has dismissed all claims over which it has original jurisdiction); see also United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966). Although this is not a mandatory rule, see Taylor v. First of Am. Bank–Wayne, 973 F.2d 1284, 1287 (6th Cir. 1992), the Court must "consider such factors

as comity, judicial economy, convenience, and fairness in deciding whether to exercise jurisdiction over pendent state law claims, as well as the avoidance of unnecessarily deciding state law." Fossyl v. Milligan, 317 F. App'x 467, 473 (6th Cir. 2009) (citing Pinney Dock & Transp. Co. v. Penn. Cent. Corp., 196 F.3d 617, 620–21 (6th Cir. 1999)). The Court has never addressed the merits of these contract claims, and therefore, these claims should be remanded to state court for further adjudication.

## IV. CONCLUSION

For the reasons set forth above, Defendants Richard Owens and Sons Construction Company, Inc. and Richard Owens' (in his individual capacity) Motion for Partial Summary Judgment [DN 60] is **GRANTED**.

**IT IS FURTHER ORDERED** that the remaining state-law claims be **REMANDED** to the Russell Circuit Court.

cc: counsel of record
 Russell Circuit Court

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

June 11, 2014